# EXHIBIT B



**12502-SPD
SOUTH PACIFIC DIVISION
REGULATORY PROGRAM
EMERGENCY PROCEDURES**



**South Pacific Division**

**Table of Contents**

1.0  Purpose
2.0  Applicability
3.0  References
4.0  Related Procedures
5.0  Definitions
6.0  Responsibilities
7.0  Procedures
8.0  Records & Measurements
9.0  Attachments
10.0  Flow Chart

**1.0  Purpose.**

To provide guidance with respect to submission of District requests recommending special processing procedures in emergency situations pursuant to 33 C.F.R.§ 325.2(e)(4), and for developing advance planning efforts.

**2.0  Applicability.**

This process applies to the Regulatory Division within the South Pacific Division (SPD) subordinate Districts.

**3.0  References.**

- 33 C.F.R. Part 325 - Processing of Department of the Army Permits.

- Memorandum, CECW-OR, 11 Dec 1997, subject: Emergency Permit Procedures.

*Current Approved Version:  4/01/2021.  Printed copies are for "Information Only."  The controlled version resides on the USACE QMS SharePoint Portal.*

SPD QMS

12502-SPD Regulatory Program Emergency Procedures

- 50 C.F.R. § 402.05 - Emergencies.

- 40 C.F.R. § 1506.11 - Emergencies and related guidance issued 10 May 2010 by the Council on Environmental Quality.

- 36 C.F.R. § 800.12  - Emergency Situations.

- 50 C.F.R. § 600.920(a) - Federal agency consultation with the Secretary.

**4.0  Related Procedures.**

- 12500-SPD, South Pacific Division Regulatory Program Signature Authority.

**5.0  Definitions.**

See Glossary for QMS definitions and acronyms.

**6.0  Responsibilities.**

Individuals in the following positions have responsibilities described in paragraph 7, below:

- Division Engineer
- Deputy Division Engineer
- Director, Regional Programs
- Chief, Operations & Regulatory
- Regulatory Program Manager
- Administrative Appeals Review Officer
- District Engineer
- District Regulatory Division personnel

**7.0  Procedures.**

7.1  Corps regulations at 33 C.F.R. § 325.2(e)(4) provide for abbreviated procedures for the review, coordination and decision-making with respect to permit applications in emergency situations, defined as situations  that "… would result in an unacceptable hazard to life, a significant loss of property or an immediate, unforeseen and significant economic hardship…." The regulations make no provision for issuing an "Emergency Permit" however that term might be defined.

7.2  In response to specific requests from the regulated public, the District Engineer must determine whether the use of emergency procedures is warranted.  If so, the District Engineer will explain the circumstances and recommend special permitting procedures to the Division Engineer, who will instruct the District Engineer as to further processing of such applications.

7.3  In an emergency situation, reasonable efforts will be made by District Regulatory personnel to receive comments from interested Federal, State, and local agencies, and the affected public.

Records of these contacts and the District's evaluation will be part of the written recommendation described in paragraph 7.4.  Emergency procedures are not to be utilized to avoid providing prior public notice of a proposed project or to bypass other procedural requirements.  The District should fulfill as many standard procedural requirements as are reasonably allowed by the emergency situation, but the District will not delay a timely response because of any standard procedural requirement.

7.4  Except in the most urgent of situations, requests for authority to use special processing procedures will be signed by the District Engineer or his duly authorized representative.  The District Commander's request shall be submitted in writing via e-mail or FAX transmission addressed to Commander, South Pacific Division, CESPD-DE.  At the District's discretion, copies of the report may be furnished to other Division elements (i.e., Office of Counsel, Deputy Commander, etc.).  At a minimum, the request is to include the following information:

- Applicant's name, address and telephone number (or the applicant's agent).

- ORM2 identification number.

- Location of the proposed activity (city, county, state, waterway name, latitude and longitude).

- Description of the proposed activity, including schematic drawings of sufficient detail to describe the work proposed and photographs of the site, if available.

- District's assessment of the circumstances justifying the use of special procedures.

    - ✓ The District's assessment must include a clear statement of the:

        - o unacceptable hazard to life,

        - o significant loss of property, or

        - o immediate, unforeseen and significant economic hardship

    that is the basis for its request to utilize emergency procedures.

- Description of the specific emergency processing procedures proposed to be used by the District, in response to the emergency.

- Summary of any consultations with the Council on Environmental Quality in the event the emergency response would result in significant environmental impact, and justification that the activity proposed is the minimum necessary to control the immediate impacts of the emergency in accordance with 40 C.F.R. § 1506.11.

- Summary of avoidance, minimization, and compensatory mitigation measures.

- Summaries of comments received from the appropriate Federal, state and local agencies and the affected public and the District's evaluation of those comments.

- Statement regarding conformance with state water quality certification requirements and/or Coastal Zone Management Act consistency certification, when applicable.

- Statement regarding compliance with section 7 of the Endangered Species Act, section 106 of the National Historic Preservation Act, and/or Essential Fish Habitat consultation, as applicable.

- Draft special conditions appropriate to the proposed activity as determined by the District Engineer and/or recommended by other commenting agencies.

7.5  In cases of extreme urgency requiring, in the District Engineer's opinion, immediate response and follow-on action, the information in paragraph 7.4 may be relayed via telephone to the Division Engineer, CESPD-DE with written follow-up via electronic transmission within 24 hours.  Verbal reports should be well organized and succinct in format to facilitate full and complete understanding of the situation.

7.6  The Division will provide written response within 12 hours of the receipt of the District's request, provided all of the essential information is available.  In cases of extreme urgency, Division response will be provided verbally followed by written confirmation.

7.7  In the event of emergencies occurring after normal working hours, over a weekend or during holidays, District personnel involved will attempt to contact appropriate Division contacts in priority order as follows:

- Division Engineer, CESPD-DE, 415-503-6501, Fax X6640.

- Deputy Division Engineer, CESPD-DE-D, 415-503-6502, Fax X6640.

- Director, Programs, CESPD-PD, 415-503-6550, Fax X6644.

- Chief, Operations & Regulatory, CESPD-PDO, 415-503-6530, Fax X6646.

- Regulatory Program Manager, CESPD-PDO, 415-503-6577, Fax X6646.

- Administrative Appeals Review Officer, CESPD-PDO, 415-503-6574, Fax X6646.

Names of the individuals occupying these positions will be made available to District Regulatory Division Chiefs and updated as required.

7.8  Should the Division Engineer authorize the use of special procedures, the District Engineer, following receipt of state water quality certification and/or Coastal Zone Management Act consistency certification, as appropriate, may issue a Standard Individual Permit.  In cases of

extreme urgency, the District Engineer shall first provide the list of the special conditions by e-mail or FAX, which the prospective permittee shall acknowledge by return e-mail or FAX as being acceptable. Thereafter, the District Engineer may provide verbal authorization with any appropriate special conditions, followed by written authorization the next business day.

7.8.1  The Clean Water Act at 33 U.S.C. 1341(a) and 33 C.F.R. 325.2(b)(1)(ii) preclude the Corps from issuing a permit until section 401 water quality certification has been obtained or has been waived or if 401 certification has been denied. This remains true in emergency situations. Normally, a waiver may be deemed to have occurred as early as 60 days following the date that a valid request has been received by the 401 certifying agency. However, 33 C.F.R. 325.2(b)(1)(ii) also provides that, if "special circumstances", identified by the District Engineer, require that action on an application be taken within a more limited period of time, such as with an emergency situation, the District Engineer shall determine a reasonable lesser period of time, advise the certifying agency of the need for action by a particular date, and that, if certification is not obtained by that date, it will be considered that the requirement for certification has been waived. In emergency situations, for the District Engineer to determine a waiver has occurred:

- The applicant has submitted an application to the certifying agency requesting 401 certification; and

- The District Engineer has verified that the certifying agency has received a request for certification; and

- The District Engineer has determined special circumstances exist warranting action on the 401 certification application be taken within a more limited period of time, and has advised the certifying agency, in writing, (a) of the need for action by a particular date and (b) that if certification is not received by that date, the District Engineer will consider the requirement for certification to have been waived; and

- Certification is not received by the set date.

7.9  In accordance with 33 C.F.R. § 325.2(e)(4), the District will issue a public notice detailing any special procedures authorized and their rationale within 30 days of the date of the Division Engineer's authorization to use special processing procedures. This notice will be circulated to the appropriate Federal, state and local agencies and the affected public as defined in 33 C.F.R. § 325.3(a)(1 thru 8).

7.10  Following close of the public notice comment period, the District shall follow the standard processing procedures at 33 C.F.R. § 325.2(a)(3)-(7), including completion of section 7 consultation as prescribed in 50 C.F.R. § 402.05.

7.11  In situations where predictable or recurring events are expected to result in the need for permit decisions within a time period less than the normal time needed to process the application under standard procedures, Districts shall:

- develop regional general permits to address activities that may be undertaken during emergency situations under certain limitations;

- issue special public notices informing the regulated public of the Corps' permitting procedures during emergency situations; and,

- provide transportation and flood control agencies with contact information for communicating with Regulatory Division personnel after normal working hours, over a weekend or during holidays.

7.12  Finally, there are many exigencies that do not meet the strict definition of emergency from Corps regulations, but are still of an urgent nature and of potential great consequence to the applicant or others.  In these circumstances it is not appropriate to use or request the use of emergency procedures.  It may, however, be appropriate to expedite processing of the request, while using available, normal procedures.  The District may authorize a project with a regional general permit (RGP), programmatic general permit (PGP), nationwide permit (NWP), or letter of permission (LOP), rather than a standard permit (SP), when appropriate.  The District may utilize an abbreviated public notice (PN) period, as part of its effort to expedite its processing time.  As described above, in 7.8.1, the District may set a reasonable lesser period of time and advise the 401 certifying agency of the need for action by a particular date and, if certification is not received by that date, determine that the requirement for certification has been waived.  The District, in these circumstances, should also communicate the urgent nature to agencies with which there may be required consultations, such as the State Historic Preservation Officer (SHPO), the U.S. Fish and Wildlife Service (USFWS), or the National Marine Fisheries Service NMFS) in an effort to expedite those consultations.

7.12.1  Care must be taken by the District to ensure that the diversion of resources for such expedited processing is warranted for a particular activity.  Districts must also exercise caution to avoid either the appearance or the reality of routinely providing expedited processing to a limited number of applicants at the expense of other applicants, whose requests are not being expedited, or of the general public.

**8.0  Records and Measurements.**

8.1  All documents listed above will be filed in the corresponding project files in accordance with ES-QMS140, Records Management.

| Type | Description | Responsible Office | Location | Record Media | Retention | Disposition |
|---|---|---|---|---|---|---|
| R | Permits, jurisdictional determinations, consultation letters, administrative records, transmittal letters | Regulatory Divisions within SPD Districts | Project file folders in filing cabinets Regulatory Divisions within SPD Districts | P | 7 years | Send to records holding |

8.2  The SPD Regulatory Program Manager and District Regulatory Division management shall periodically inspect project files to ensure compliance with this guidance.

**9.0  Attachments.**

None.

**10.0  Flow Chart.**

None.