The Honorable Jamal Whitehead

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

STATE OF WASHINGTON, et al.,

              Plaintiffs,

   v.

DONALD TRUMP, et al,

              Defendants.

NO. 2:25-cv-00869

DECLARATION OF HANNAH CONNOR IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

**DECLARATION OF HANNAH CONNOR**

I, Hannah Connor, declare that I am over 18 years of age and am competent to testify. I have personal knowledge of the facts stated below, and under penalty of perjury, declare as follows:

1.    I am an attorney with the Center for Biological Diversity (Center).

2.    Since President Donald Trump declared an energy emergency and directed federal agencies to use emergency permitting procedures for non-renewable energy projects and "critical mineral" extraction via Executive Order 14156 in January 2025, 90 Fed. Reg. 8433 (Jan. 29. 2025), I on behalf of the Center have attempted to track the U.S. Army Corps of Engineers' (Corps) use of emergency procedures to expedite energy project approvals. Those efforts have included filing record requests under the Freedom of Information Act (FOIA); searching publicly accessible files and databases such as the Corps' Regulatory Request System (RRS), https://rrs.usace.army.mil/rrs, and Regulatory and Section 408 Publicly Available Data database (Permit Database), https://permits.ops.usace.army.mil/orm-public; and reviewing media reports.

DECLARATION OF HANNAH CONNOR IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION TO DISMISS -- NO. 2:25-CV-00869

1

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

3.      The focus of my efforts on behalf of the Center in tracking the Corps' use of these emergency procedures has been to determine how it has applied those procedures to limit or restrict public involvement in permitting actions, to limit or defer compliance with the Endangered Species Act until after a project has been approved and the "emergency is under control" per 50 C.F.R. § 402.05, and to limit or defer environmental review under the National Environmental Policy Act (NEPA), all with a focus on permits being issued pursuant to Section 404 of the Clean Water Act, 33 U.S.C. § 1344, and Section 10 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 403.

4.      It has been very difficult to identify and locate notices for public review and comment for permits proposed under Clean Water Act Section 404 and Rivers and Harbors Act Section 10 after they have been designated for emergency processing pursuant to Executive Order 14156.

5.      Initially, the public could search for permit applications on the Corps' Permit Database under the event category "EO 14156 Declaring a National Energy Emergency." But around March 2025, the Corps removed that emergency event category from the database. Below are two screenshots, captured on April 29, 2026, of the presently available "events" list for emergency actions in the Permit Database:



DECLARATION OF HANNAH CONNOR IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION TO DISMISS -- NO. 2:25-CV-00869

2

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770



6.     Removing the "EO 14156 Declaring a National Energy Emergency" event category from the Permit Database deprived the public of access to a comprehensive source of information on the universe of permits being fast-tracked by the Corps pursuant to Executive Order 14156. The Corps' RRS database does not provide the public with a substitute for what was lost by the Corps' removal of the emergency event category from the Permit Database.

7.     When the Center does locate notices for projects subject to emergency procedures, the notices often provide very limited to no meaningful information about the projects and/or request comment on very expedited timeframes, sometimes as little as seven days. Notices do not provide access to the actual proposed permit document, permit application, or any supporting records related to any NEPA review or Endangered Species Act consultation. Failure to provide these materials for review and comment during the public notice process has further constricted the ability of the Center to meaningfully engage in these emergency permitting processes.

8.     In short, the Center's experience has been that the Corps has not been transparent about when or how it is using emergency procedures in assessing and approving permits under Clean Water Act Section 404 and Rivers and Harbors Act Section 10.

DECLARATION OF HANNAH CONNOR
IN SUPPORT OF PLAINTIFFS'
RESPONSE TO MOTION TO DISMISS --
NO. 2:25-CV-00869

3

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

9. Due to the lack of transparency related to projects being fast-tracked pursuant to Executive Order 14156, the Center has had to resort to filing multiple requests under FOIA to obtain records of emergency permitting actions.

10. For example, as reflected in Exhibit A, on March 4, 2025, I caused to be submitted to the Corps Headquarters on behalf of the Center a FOIA request for:

   a. Records for active permit applications under Section 404 of the Clean Water Act or Section 10 of the Rivers and Harbors Act documenting the consideration, reclassification, or approval of such permit pursuant to Executive Order 14156, "Declaring a National Energy Emergency."

   b. Requests for emergency consultation or approval under Section 7 of the Endangered Species Act sent to the U.S. Fish and Wildlife Service or National Marine Fisheries Service.

   c. Records documenting the display of information for active permit applications with respect to their classification under Executive Order 14156, "Declaring a National Energy Emergency," and explicitly referencing the Corps' Permit Database, https://permits.ops.usace.army.mil/orm-public.

11. In addition, on March 4, 2025, I caused to be filed on behalf of the Center complementary FOIAs with the National Marine Fisheries Service and Fish and Wildlife Service (jointly, the Services) related to the Corps' compliance with its Endangered Species Act obligations for permits designated for emergency processing pursuant to Executive Order 14156.

12. Subsequently, I have caused to be filed on behalf of the Center almost 30 FOIAs with the Corps—including headquarters and local divisions—and the Services for information on implementation of the emergency procedures in assessing and approving permits under Clean Water Act Section 404 and Rivers and Harbors Act Section 10. Specifically, the FOIAs request information related to compliance with the Endangered

DECLARATION OF HANNAH CONNOR
IN SUPPORT OF PLAINTIFFS'
RESPONSE TO MOTION TO DISMISS --
NO. 2:25-CV-00869

4

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

Species Act and NEPA, as well as permitting documents, including permit applications, final permits, final permit modifications of existing permits, and accompanying memorandums for record from the Corps.

13.    I have also filed a letter with the Corps requesting that the agency comply with its duty to proactively disclose information under the "reading room" provisions of FOIA, 5 U.S.C. § 552, to make publicly available through an online portal all final permitting decisions and associated documents issued pursuant to Clean Water Act Section 404.[1] As detailed in that letter, delivered in December 2025:

> "[t]he seriousness of the harms caused by this violation [of the Corp's FOIA reading room obligations] has increased in the last year, since the Corps began issuing expedited section 404 permits under emergency authorities based on President Trump's Executive Order 14156, 'Declaring a National Energy Emergency.' For example, in just the past six months—or since June 2025—the Alaska District Office, among other districts, has already issued public notices for two SIPs[2] that it is processing using these expedited emergency procedures, and issued one SIP for the Oliktok Dock Facility pursuant to the same expedited emergency procedures. These permits, and the approval process utilized by the Corps in their issuance, are issues of significant public interest. Given the expedited timeframes for approval, their public availability is a matter of urgent need. As things stand, the public often lacks any means of learning about the permit decisions in a timely manner, let alone reviewing the records associated with these permits. This is because the Corps continues to violate FOIA by failing to publish its final opinions on these permit applications in a public reading room."

The Corps has yet to respond to the Center's request.

---

[1] Available at: https://biologicaldiversity.org/programs/environmental_health/pdfs/Army-Corps-Reading-Room-FOIA-Request.pdf

[2] SIP stands for Standard Individual Permit as issued under Section 404 of the Clean Water Act.

DECLARATION OF HANNAH CONNOR IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION TO DISMISS -- NO. 2:25-CV-00869

5

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

14.     Due to extensive delays in the government's response to FOIA requests, the Center has often found it necessary to pursue litigation. For example, in order to obtain public records responding to the Center's March 4, 2025, FOIA request to the Corps, as further described in paragraph 10, the Center had to resort to litigation. *See, e.g.*, Complaint, *Center for Biological Diversity v. U.S. Office of Management and Budget*, No. 25-cv-02633 (D.D.C. filed Aug. 12, 2025).[3] At the time the Center filed its complaint, the Corps had provided no records in response to the Center's FOIA request.

15.     Through that litigation, on February 9, 2026, the Corps produced to the Center its "first interim response" to the Center's March 4, 2025, FOIA request. Those materials are public records that the Center, in its original FOIA request, committed to disseminating to the public more broadly in the public interest. Contained in the Corps' first interim response were a set of spreadsheets identifying the permits that have been finalized or proposed pursuant to the Executive Order 14156 between January 20, 2025, and January 28, 2026.

16.     Exhibit B, attached hereto, is a true and correct copy of the Corps' February 9, 2026, interim response letter to the Center's March 4, 2025, FOIA request.

17.     Exhibit C, attached hereto, is a true and correct copy of the four spreadsheets that the Corps produced on February 9, 2026, pursuant to the Center's March 4, 2025, FOIA request. These spreadsheets "show pending and completed permitting actions flagged as qualifying as Energy Emergency projects under the EO from January 20, 2025, to January 28, 2026." Exh. B at 2. In addition, "[t]wo of the spreadsheets also include actions which have a subaction for Endangered Species Act and/or Essential Fish Habitat." *Id.*

18.     Exhibit D, attached hereto, is a spreadsheet the Center created that combines the four spreadsheets it received into one master spreadsheet but otherwise contains the same information.

---

[3] Available at: https://biologicaldiversity.org/programs/climate_law_institute/pdfs/OMB-Emergency-Procedures-FOIA-Complaint.pdf

DECLARATION OF HANNAH CONNOR IN SUPPORT OF PLAINTIFFS' RESPONSE TO MOTION TO DISMISS -- NO. 2:25-CV-00869

6

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

Executed this 29th day of April, 2026 in Richmond, Virginia.

_____
HANNAH CONNOR

DECLARATION OF HANNAH CONNOR
IN SUPPORT OF PLAINTIFFS'
RESPONSE TO MOTION TO DISMISS --
NO. 2:25-CV-00869

7

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770