The Honorable Jamal Whitehead

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

STATE OF WASHINGTON, STATE OF CALIFORNIA, et al.,

Plaintiffs,

v.

DONALD TRUMP, et al.,

Defendants.

NO.  2:25-cv-00869

DECLARATION OF LOREE' RANDALL IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

I, Loree' Randall, declare under penalty of perjury under the laws of the state of Washington that the following is true and correct.

1.    I am now and at all times mentioned been a citizen of the United States and a resident of the state of Washington, over the age of 18 years, competent to make this declaration, and make this declaration from my own personal knowledge and judgment.

2.    I am currently employed with the Washington State Department of Ecology (Ecology) and have been employed with Ecology since 1984. For the past 25 years, I have worked in the Shorelands and Environmental Assistance Program, first as the Section 401 and Coastal Zone Management Policy Lead and now as the Aquatic Permitting and Protection Section Manager.

DECLARATION OF LOREE' RANDALL
IN SUPPORT OF PLAINTIFFS'
RESPONSE TO DEFENDANTS' MOTION
TO DISMISS  NO. 2:25-CV-00869

1

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

3.     As the Section 401 Policy Lead and Aquatic Permitting and Protection Section Manager, I am familiar with Ecology's procedures for processing water quality certification requests made under Section 401 of the Clean Water Act. Some of my duties include training and providing guidance on Section 401, including recommendations to Ecology's upper management when new rules and policies are developed regarding Section 401 water quality certifications.

4.     I also review projects requesting a Section 401 water quality certification, coordinate with other staff and programs within Ecology in performing that review, and draft Section 401 water quality certification decisions on behalf of Ecology. In addition, I review draft Section 401 water quality certification decisions prepared by other staff within Ecology and provide technical assistance to them. As a section manager, I am responsible for signing final Section 401 water quality certification decisions.

5.     Section 401 water quality certifications are required when a project needs a federal permit or license and there is an associated discharge into waters of the United States. Certifying authorities review projects to determine if the project activities will comply with the state's water quality standards.  Ecology is the primary certifying authority in the state of Washington. The water quality certification process requires a detailed, site-specific analysis and coordination across multiple agencies to ensure that water quality requirements are met. Water impacts aren't one-size-fits-all and project review includes review of the application material, review of comments received, and any other information available regarding the project and activities.  In some instances, information may not be available at the time of the application and certifying authorities must wait for the applicant to submit the information.

6.     The Seattle District of the U.S. Army Corps of Engineers started implementing energy emergency processing procedures after April 1, 2025. Since then, the Corps has used emergency processing procedures for at least 15 projects in Wasington.

DECLARATION OF LOREE' RANDALL
IN SUPPORT OF PLAINTIFFS'
RESPONSE TO DEFENDANTS' MOTION
TO DISMISS  NO.  2:25-CV-00869

2

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

7.      Pursuant to the emergency processing procedures, the Corps provides Ecology with limited advance notice about the projects and issues public notices for them that compress the timeline for Section 401 coordination to seven days. During the same timeframe, Ecology must engage with the project applicant on Section 401 water quality certification pre-filing requirements, including determining the need for a meeting and identifying information necessary for a complete water quality certification request.

8.      While Ecology usually has up to 30 days to review a pre-filing meeting request and coordinate with the project applicant, the shortened timeframe associated with the Corps' emergency procedures constrains this review and coordination process. This ultimately reduces opportunities for early coordination and results in a higher likelihood of incomplete or insufficient application materials from the project applicant.

9.      Ecology often is forced to shorten the Section 401 public comment period for review of Section 401 water quality certification applications for these energy emergency projects, which limits the public's opportunity to review and provide important input on the proposed project. For example, we shortened the public comment period down to 7 or 14 days for several projects, such as for the Patit Creek Bank Stabilization Project in Columbia County, when the typical comment period is 21 days.

10.     The need to prioritize perceived energy emergency projects disrupts established review timelines and requires deferral of projects that are in active review to obtain water quality certifications. This stop-and-start approach to permitting reduces efficiency, increases the risk of incomplete analysis, and strains limited staff resources. As a result, Ecology staff managing and reviewing these projects face increased workload pressure and reduced capacity to conduct thorough and timely reviews for all projects.

11.     The expedited timeframe associated with these presumed emergency projects also limits our ability to coordinate with the project applicant to ensure project impacts are avoided, minimized, and properly mitigated. This departs from Ecology's standard practice in

DECLARATION OF LOREE' RANDALL
IN SUPPORT OF PLAINTIFFS'
RESPONSE TO DEFENDANTS' MOTION
TO DISMISS  NO.  2:2-CV-00869

3

which we engage with project applicants during the Section 401 water quality certification review process to refine project design as necessary and ensure impacts are reduced to the lowest practicable level to safeguard the environment. This is consistent with Ecology's mission to protect, preserve, and enhance Washington's environment for current and future generations.

12.    As stated above, the review of complex projects takes a significant amount of time and in many cases up to one year.  Even though the EPA has a default reasonable period of time (RPOT) of six months, Ecology has requested extension to the RPOT on a case-by-case bases to allow up to one year from the water quality certification request.  For several of the energy emergency projects Ecology responded to the Corps that the RPOT would be one year, and the Corps responded that they did not agree and put the RPOT at 6 months.  This places the agency in a position of re-prioritizing workload which disrupts the timely processing of projects currently under review. In some cases, even after a water quality certification decision has been issued, the Corps has taken months to act on its permit, or it is still pending.

13.    For example, with respect to the Hat Island Submarine Power Cable Project in Snohomish County, Washington, we requested a one-year RPOT to complete our Section 401 water quality certification decision for the project. The Corps responded with their disagreement to a one-year RPOT for the project based on Executive Order 14156 and the emergency processing procedures needing to be implemented for the project. Based on the Corps' disagreement with our requested one-year RPOT, the RPOT was set for six months, which created a deadline of February 1, 2026. Based on the emergency procedures and needing to expedite review of this project, we issued the section 401 water quality certification decision for this project on November 6, 2025, and the Corps did not issue the federal permit for the project until January 26, 2026.

DECLARATION OF LOREE' RANDALL
IN SUPPORT OF PLAINTIFFS'
RESPONSE TO DEFENDANTS' MOTION
TO DISMISS  NO.  2:25-CV-00869

4

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
360-586-6770

14.    Attached as Exhibit A are true and correct copies of correspondence between Ecology and the Corps regarding Ecology's comments on projects, the limited 7-day period to comment and coordinate, and the RPOT for several energy emergency projects in Washington.

15.    The Corps is utilizing emergency procedures for Electron Hydro, LLC's bladder diversion and infrastructure project (Electron Project) in the Puyallup River in Pierce County, Washington. The proposed project is for the installation of a 70-foot long by 12-foot wide inflatable rubber bladder spillway along with other activities including a foundation/aprons and 395-linear foot intake/bank stabilization wall, permanently impacting 0.36 acres of the Puyallup River. The proposed rubber bladder has been verified to contain 6PPD, a chemical found in tires that forms 6PPD-quinone, a highly toxic fish killing chemical. Therefore, further evaluation is necessary to ensure adequate protection of water quality and aquatic species.

16.    On February 28, 2026, Ecology received a Section 401 water quality certification request for the Electron Project. Based on the EPA rule, the Corps set the RPOT for issuance of the water quality certification as August 25, 2026. On April 9, 2026 Ecology requested an extension of the six month RPOT to issue the water quality certification for the Project to a one year reasonable period of time (extending the deadline to February 17, 2027). Within the request Ecology cited the reasons: 1) Ecology received approximately 1,316 pages of comments and documents during the public comment period that they have to review and consider; 2) working through complex issues for the Project and coordinating with the Puyallup Tribe as a neighboring jurisdiction. Based on this, along with the fact that the State Environmental Policy Act process has not been completed for the Project, Ecology is likely not going to be able to complete its review by August 25, 2026, which may result in a denial if the extension is not granted.

DECLARATION OF LOREE' RANDALL
IN SUPPORT OF PLAINTIFFS'
RESPONSE TO DEFENDANTS' MOTION
TO DISMISS  NO.  2:2-CV-00869                    5                    ATTORNEY GENERAL OF WASHINGTON
                                                                      Ecology Division
                                                                      PO Box 40117
                                                                      Olympia, WA 98504-0117
                                                                      360-586-6770

17.    On April 16, 2026, the Corps responded with a request for additional clarification on why the items in Ecology's RPOT extension request will take the amount of time requested, and did not approve Ecology's RPOT extension request. Attached as Exhibit B is a true and correct copy of this correspondence between Ecology and the Corps.

18.    Overall, prioritizing these presumed energy emergency projects over actual, documented emergency needs resulting from recent flooding events in Washington risks misallocating limited resources, delaying projects essential to infrastructure repair, and economic recovery for numerous Washingtonians. The recent December 2025 floods caused hundreds of millions of dollars in damage statewide with impacts to roads, levees and utilities. The flood recovery projects often require expedited permitting due to the immediate risk to public safety and infrastructure.  Working on these presumed energy emergency projects will take away the necessary time for other emergency projects. Attached as Exhibit C is a true and correct copy of correspondence from the Corps to Ecology regarding the emergency flooding events in Washington that necessitated use of the emergency procedures under 33 C.F.R. 325.2(e)(4).

DATED this 1st day of May, 2026.

_____

LOREE' RANDALL

DECLARATION OF LOREE' RANDALL
IN SUPPORT OF PLAINTIFFS'
RESPONSE TO DEFENDANTS' MOTION
TO DISMISS  NO.  2:25-CV-00869

6