The Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

STATE OF WASHINGTON, et al.,

        Plaintiffs,

        v.

DONALD TRUMP, in his official capacity as President of the United States, et al.,

        Defendants.

Case No. 2:25-cv-869-JW

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

NOTE ON MOTION CALENDAR:
June 4, 2026

ORAL ARGUMENT REQUESTED

Defendants' Reply in Support of Their Motion to Dismiss
Case No. 2:25-cv-00869-JNW

U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5810

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 1

    I.      The States' Voluminous Submissions Confirm They Lack Standing ............................................................................................. 1

    II.    The States' Claims Could Only Be Ripe in a Challenge to a Particular Project ........................................................................... 5

    III.   The States Fail to Identify Final Agency Action ...................................... 7

           A.     Neither the Corps Nor Interior Has Taken Final Agency Action ....................................................................................... 7

           B.     The ACHP Has Not Taken Final Agency Action ....................................... 9

    IV.   The States Fail to State an Ultra Vires Claim ........................................ 11

CONCLUSION ................................................................................................................. 12

Defendants' Reply in Support of Their Motion to Dismiss      U.S. Department of Justice
Case No. 2:25-cv-00869-JNW              Environment and Natural Resources Division

P.O. Box 7611

i                Washington, D.C. 20044

(202) 305-5810

# TABLE OF AUTHORITIES

**Cases**

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   631 F.3d 939 (9th Cir. 2011) ........................................................................................... 2

*City & County of San Francisco v. Trump*,
   897 F.3d 1225 (9th Cir. 2018) ....................................................................................... 11

*Columbia Riverkeeper v. Coast Guard*,
   761 F.3d 1084 (9th Cir. 2014) ......................................................................................... 8

*Ctr. for Biological Diversity v. Haaland*,
   58 F.4th 412 (9th Cir. 2023) ........................................................................................... 9

*Diamond S.J. Enter., Inc. v. City of San Jose*,
    395 F. Supp. 3d 1202 (N.D. Cal. 2019) ...................................................................... 5, 11

*Env't Defense Ctr. v. BOEM*,
   36 F. 4th 850 (9th Cir. 2022) ........................................................................................... 6

*ForestKeeper v. Elliott*,
   50 F. Supp. 3d 1371 (E.D. Cal. 2014) .......................................................................... 4, 6

*Kāpaʻa v. Trump*,
   794 F. Supp. 3d 793 (D. Haw. 2025) ............................................................................... 9

*Lane Cnty. Audubon Soc'y v. Jamison*,
   958 F.2d 290 (9th Cir. 1992) ........................................................................................... 4

*Leedom v. Kyne*,
   358 U.S. 184 (1958) ...................................................................................................... 11

*Lighthiser v. Trump*,
   No. 25-6714, 2026 WL 1555982 (9th Cir. June 2, 2026) ............................................ 7, 11

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ........................................................................................................ 4

Defendants' Reply in Support of Their Motion to Dismiss     U.S. Department of Justice
Case No. 2:25-cv-00869-JNW                    Environment and Natural Resources Division
                                                                P.O. Box 7611
                                      ii                 Washington, D.C. 20044
                                                               (202) 305-5810

*Murthy v. Missouri*,
 603 U.S. 43 (2024)..................................................................................................... 2, 3, 5

*Nat. Res. Def. Council v. Abraham*,
 388 F.3d 701 (9th Cir. 2004) ............................................................................................. 7

*NLRB v. Siren Retail Corps.*,
 99 F.4th 1118 (9th Cir. 2024) ........................................................................................... 9

*Nuclear Regul. Comm'n v. Texas,*
 605 U.S. 665 (2025)..................................................................................................... 11-12

*Ohio Forestry Ass'n, Inc. v. Sierra Club*,
 523 U.S. 726 (1998)............................................................................................................ 6

*Ollier v. Sweetwater Union High Sch. Dist.*,
 768 F.3d 843 (9th Cir. 2014) ............................................................................................. 3

*Or. Nat. Desert Ass'n v. U.S. Forest Serv.*,
 465 F.3d 977 (9th Cir. 2006) ............................................................................................. 9

*S. Cal. All. Of Publicly Owned Treatment Works v. EPA*,
 8 F.4th 831 (9th Cir. 2021) ............................................................................................... 8

*S.F. Herring Ass'n v. Dep't of the Interior*,
 946 F.3d 564 (9th Cir. 2019) ............................................................................................. 9

*Spokeo, Inc. v. Robins*,
 578 U.S. 330 (2016)............................................................................................................ 5

*St. Clair v. City of Chico*,
 880 F.2d 199 (9th Cir. 1989) ............................................................................................. 1

*Summers v. Earth Island Inst.*,
 555 U.S. 488 (2009)..................................................................................................... 3, 5, 9

*Thomas v. Anchorage Equal Rights Comm'n*,
 220 F.3d 1134 (9th Cir. 2000) ........................................................................................... 7

Defendants' Reply in Support of Their Motion to Dismiss          U.S. Department of Justice
Case No. 2:25-cv-00869-JNW                Environment and Natural Resources Division
                                                                        P.O. Box 7611
                                    iii                        Washington, D.C. 20044
                                                                      (202) 305-5810

*United States v. McEnry*,

    659 F.3d 893 (9th Cir. 2011) ........................................................................................ 11

*Waterford Citizens' Ass'n v. Reilly*,

    970 F.2d 1287 (4th Cir. 1992) ........................................................................................ 9

*Whitewater Draw Nat. Res. Conservation Dist. v. Mayorkas*,

    5 F.4th 997 (9th Cir. 2021) ............................................................................................ 8

*WildEarth Guardians v. U.S. Forest Serv.*,

    70 F.4th 1212 (9th Cir. 2023) ........................................................................................ 1

*Wilderness Soc'y v. Thomas*,

    188 F.3d 1130 (9th Cir. 1999) .................................................................................. 6-7

**Statutes**

33 U.S.C. § 1341 .............................................................................................................. 3

42 U.S.C. § 5170b(c) ...................................................................................................... 11

42 U.S.C. § 5174(c)(1)(B)(iii) ...................................................................................... 11

50 U.S.C. § 1622(a) ........................................................................................................ 11

50 U.S.C. § 1631 ............................................................................................................ 11

54 U.S.C. § 306108 ........................................................................................................ 10

**Code of Federal Regulations**

33 C.F.R. § 325.2(d)(2) .................................................................................................... 3

33 C.F.R. § 325.2(e)(4) .................................................................................................... 8

33 C.F.R. § 325.5(c)(2) .................................................................................................... 2

33 C.F.R. § 330.1(e)–(f) .................................................................................................. 2

36 C.F.R. § 800.12(b)(2) ................................................................................................ 10

36 C.F.R. § 800.12(d) ..................................................................................................... 10

40 C.F.R. § 121.6(c) ......................................................................................................... 3

43 C.F.R. pt. 46 ................................................................................................................ 4

50 C.F.R. § 402.05 ........................................................................................................... 4

Defendants' Reply in Support of Their Motion to Dismiss

Case No. 2:25-cv-00869-JNW

iv

U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5810

**INTRODUCTION**

The States' opposition exposes just how generalized and conclusory this lawsuit is. The States insist their claims are "procedural," yet they identify no procedural deprivation associated with the challenged actions. Rather, their view is that any application of an emergency procedure is a per se procedural violation. They likewise fail to connect the purported procedural violations to any concrete interest. This is unsurprising since they do not challenge any specific permitting decision or project. At bottom, the amended complaint is an attack on guidance and policy documents that do not, in and of themselves, injure the States. Rather, the relevant agencies will flexibly apply the guidance and policy when making specific decisions. Those future decisions may be final agency actions, but the documents themselves are not. The Court should dismiss this case.

**ARGUMENT**

**I.    The States' Voluminous Submissions Confirm They Lack Standing**

When the movant mounts a factual attack via a Rule 12(b)(1) motion and contests jurisdictional allegations with affidavits or other evidence, the opposing party cannot rely on the complaint but must respond with evidence. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Our motion to dismiss attached an affidavit contesting the States' jurisdictional allegations and relied on other evidence. *See* Mot. 10, 12. In response, the States submitted over 2,000 pages of affidavits and supporting materials. *See* ECF 79–88. Thus, the States are incorrect, Resp. 8–9, 15, that the jurisdictional allegations in their amended complaint must be accepted as true when the evidence presented by both sides shows otherwise, *see St. Clair*, 880 F.2d at 201.

Next, this is not a "procedural" case, where a party complains of procedural violations that occurred when the government took *the challenged actions*.[1] Instead, the States complain

---

[1] Even framed as a procedural-rights claim, any "relaxation" of standing requirements for procedural claims is narrow and does not relieve the States of their burden to show concrete, particularized injury or to show that injury is traceable to the challenged conduct. *WildEarth Guardians v. U.S. Forest Serv.*, 70 F.4th 1212, 1216 (9th Cir. 2023).

Defendants' Reply in Support of Their Motion to Dismiss                    U.S. Department of Justice
Case No. 2:25-cv-00869-JNW                          Environment and Natural Resources Division
P.O. Box 7611
1                                    Washington, D.C. 20044
(202) 305-5810

about the alleged *substantive* consequences of the challenged policies and guidance, which the States contend require agencies to violate mandatory procedures when taking future actions. Therefore, like any other challenge, the States must show that the challenged policies or guidance cause a concrete, imminent, and particularized injury in fact that is capable of redress. The States have not done so for at least three reasons.

First, in contending that the number of actions applying emergency procedures "*alone is enough to establish injury*," Resp. 12, the States ask this Court to assess "standing at a high level of generality," *Murthy v. Missouri*, 603 U.S. 43, 59 (2024). The Supreme Court has rejected this approach. *See id.* That some future emergency permit may produce some unidentified environmental harm caused by some procedural violation in some unspecified location within a yet-unidentified State falls well short of the concrete, particularized injury Article III demands.

Moreover, the States vastly overstate the number of projects that implicate their procedural rights. They claim "well over 1,000" Corps actions do so, Resp. 12, but there are only ten projects in the Plaintiff States that have received individual Clean Water Act permits[2]; the rest are proceeding under nationwide or regional general permits, which typically involve fewer project-level participation rights.[3] *See, e.g.*, 33 C.F.R. § 330.1(e)–(f), 325.5(c)(2). The States make no effort in their brief to link these projects to concrete interests.

The States' Endangered Species Act ("ESA") allegations suffer from the same problem. The States argue that 147 permit actions allegedly apply the challenged policies, Resp. 6, without linking one of those actions to a concrete, particularized harm to the States. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954–55 (9th Cir. 2011) (en banc) (list of alleged violations insufficient to demonstrate standing without link to injury to plaintiff). The States' declarant lays no foundation and provides no evidentiary basis to show

---

[2] Identified by "Issued Without [or With] Special Conditions" in the "CLOSURE_METHOD" column of Exhibit D to the Connor Declaration. ECF 82-4.

[3] Identified by "Verified Without [or With] Special Conditions" in the "CLOSURE METHOD" column of Exhibit D to the Connor Declaration. ECF 82-4.

Defendants' Reply in Support of Their Motion to Dismiss
Case No. 2:25-cv-00869-JNW

U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5810

2

that the Corps even applied the challenged guidance in the first instance (as opposed to complying with the pre-existing statutory and regulatory procedures). *See* ECF 83 ¶ 31.

The States cannot show that the Advisory Council on Historic Preservation ("ACHP") injured them for the same reason. The States' declarants describe procedures that they allege create the potential for harm, without alleging concrete harm as to any property covered by the National Historic Preservation Act ("NHPA"). ECF 87 ¶¶ 14–21; ECF 85 ¶¶ 10–17.

Second, Plaintiffs fail to establish which procedural rights of the States the agencies allegedly violated.[4] The States concede that Washington has received six months to render decisions under Section 401 of the Clean Water Act (33 U.S.C. § 1341). *See* Resp. 13. That is all the States are entitled to, unless they agree with the Corps to a longer period, and they may always agree to less. *See* 40 C.F.R. § 121.6(c). The mere request for less time is perfectly legal. *Contra* ECF 81 ¶ 8.

Nor do the States allege that the Corps has deprived them of participation rights. Indeed, Washington has prepared comments on permit applications. *See* ECF 86-1 at 4–5, 9–10, 24–25, 30–31, 86-2 at 2–3. Rather, the States assert that (unidentified) "interested members of the public" cannot comment on permit applications. *See* ECF 83 ¶ 28. Since the States cannot bring a *parens patriae* action against the Federal Government, that theory cannot support their standing. *See Murthy*, 603 U.S. at 76. Moreover, their declarant's assertion that "[f]ifteen days (or less)" is insufficient to "prepare adequate comments," ECF 83 ¶ 28, is pure speculation without any evidentiary basis. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014). Finally, fifteen-day comment periods are consistent even with the Corps' regulations for standard, non-emergency processing of permit applications. *See* 33 C.F.R. § 325.2(d)(2); *see also* Ex. L, ECF 55-12 (providing 30 days to comment on permit application).

---

[4] To the extent the States contend that any agency "short-circuit[ed] the standard permitting process" without identifying a procedural violation, ECF 83 ¶ 52, those assertions cannot support standing, *see Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) (procedural injury requires, among other things, "deprivation of a procedural right").

Defendants' Reply in Support of Their Motion to Dismiss
Case No. 2:25-cv-00869-JNW

3

U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5810

Likewise, the States argue the Corps "restricted opportunities for consultation" under the ESA. Resp. 6. But the cited document merely cross-references the *pre-existing* emergency consultation regulation, 50 C.F.R. § 402.05. *See* ECF 55-8 at 13–14. Their reliance on *Lane County Audubon Society v. Jamison*, highlights the problem: there, the agency established a *new* strategy that vacatur could prospectively remove. 958 F.2d 290, 294 (9th Cir. 1992). Here, vacating the challenged guidance would leave the source of the States' alleged harm—§ 402.05—untouched. The States thus identify no future application of the guidance, as opposed to the pre-existing regulation, that injures them. Because they cannot establish that all future uses of emergency consultation procedures are causally linked to the challenged policies, they have not identified some future application of the challenged policies that injures them.[5]

The States' claims regarding the National Environmental Policy Act ("NEPA") suffer from the exact same problem. The States have not shown that the Bureau of Land Management's ("BLM") use of Interior's 2025 Alternative Arrangements for NEPA Compliance ("Alternative Arrangements") when approving the Wildcat Loadout Facility expansion caused them to suffer a procedural injury. Notably, the States do not allege that the process that BLM followed when approving that action was inconsistent with the NEPA regulations that applied at the time, including those governing emergencies. *See generally* 43 C.F.R. Part 46 (as of July 2, 2025). Nor have they demonstrated, under the "case-by-case" "fact-intensive inquiry" required to show a public participation violation, that a procedural violation occurred. *ForestKeeper v. Elliott*, 50 F. Supp. 3d 1371, 1387 (E.D. Cal. 2014). Moreover, any injury from the Wildcat Loadout Facility is speculative. *See* Mot. 12. Finally, a suit was recently filed challenging this exact approval, but Colorado is not a party, undermining the State's claim of harm. *See* Compl., *Eagle County v. Dep't of the Interior*, No. 1:26-cv-01039 (D.D.C. Mar. 26, 2026), ECF 1. Because they have failed to show that the

---

[5] This highlights a separate problem: redressability. Since the States do not challenge any specific project or action, even assuming a completed action injured them, that injury would persist because any relief in this case would not require the Court to set aside any project-specific approval. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 568–71 (1992).

Defendants' Reply in Support of Their Motion to Dismiss      U.S. Department of Justice
Case No. 2:25-cv-00869-JNW      Environment and Natural Resources Division
P.O. Box 7611
4      Washington, D.C. 20044
(202) 305-5810

Alternative Arrangements deprived them of any procedural right, they lack standing. *See Summers*, 555 U.S. at 496–97.

The Bureau of Ocean Energy Management's ("BOEM") issuance of an environmental impact statement for a potential offshore well stimulation treatment at Platform Gilda is likewise insufficient to demonstrate standing in *this* case. BOEM has not yet issued any decision, and therefore it is speculative for California to assume that it will be harmed by BOEM's action. And any claim of procedural harm must be raised in a challenge to BOEM's (future) approval itself. *See Summers*, 555 U.S. at 496–97. The Alternative Arrangements themselves do not mandate their application in any instance; nor do they describe how to prepare a NEPA analysis beyond setting general parameters. Any claim of harm will therefore depend on how the alternative arrangements are applied in a particular case. When BOEM makes a decision, it may be subject to challenge. But before then, any claim of harm from a future decision is speculative.

Third, as a last resort, the States contend the Corps strains the States' resources by (1) shortening the time to issue Section 401 decisions, and (2) requiring the States to spend time learning why their projects are subject to emergency procedures and how to opt out. *See* Resp. 15–16. The first theory fails because the States have not identified any violation of law. *See supra* at 3. The second fails because they (a) did not plead this theory in their amended complaint, *see Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1231 (N.D. Cal. 2019); (b) identify no case in which attending a half-an-hour meeting and writing a two-paragraph email, *see* ECF 80-3, provide a basis for standing; (c) identify no legally protected interest the agencies allegedly invaded, *see Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016); and (d) have not shown that any such "injury" is likely to recur, *see Murthy*, 603 U.S. at 69.

## II.     The States' Claims Could Only Be Ripe in a Challenge to a Particular Project

The parties agree on the ripeness standard: whether (1) delayed review would cause hardship to the States; (2) judicial intervention would inappropriately interfere with further

Defendants' Reply in Support of Their Motion to Dismiss     U.S. Department of Justice
Case No. 2:25-cv-00869-JNW     Environment and Natural Resources Division
P.O. Box 7611
5     Washington, D.C. 20044
(202) 305-5810

administrative action; and (3) the Court would benefit from further factual development of the issues presented. Resp. 17.

*Ohio Forestry Ass'n, Inc. v. Sierra Club* disposes of this case. 523 U.S. 726 (1998). As in that case, judicial review of the challenged programmatic documents here would hinder the agencies' work to refine their policies through the application of "site-specific" procedures, which would be subject to judicial review assuming all other jurisprudential requirements are met. *Id.* at 735; *see also* Mot. 21. And adjudicating the States' claims would require the Court to wade into an abstract disagreement about how the agencies may apply emergency procedures in the context of future, site-specific permit applications. *See Ohio Forestry*, 523 U.S. at 736. The procedures the agencies employ may vary considerably from project to project and may not injure the States or deprive them of any rights. *See* Mot. 17; *supra* at 3. The Court and the parties would benefit from a focused presentation, which is not what the States provide here. This Court should dismiss the States' claims.

While the States assert that this case does not require further factual development, the amended complaint's core charge is that the agencies may not apply their emergency procedures under the circumstances described in the Executive Order. *See, e.g.*, FAC ¶¶ 209, 210, 223, 224, 225, 228. But determining whether an emergency exists with respect to a permit application depends on the facts and circumstances of that application. Moreover, the emergency procedures may not even implicate any alleged procedural violations in many cases. *See supra* at 3. Likewise, evaluating whether a procedural violation has occurred under NEPA is a fact-intensive inquiry. *See, e.g.*, *ForestKeeper*, 50 F. Supp. 3d at 1387 (discussing participation rights claim). And the States themselves submitted over 2,000 pages of supporting material regarding specific projects, belying their argument. *See* ECF 79–88.

Nor does the amended complaint allege a present procedural injury. *See supra* at 1. Therefore, decisions like *Environmental Defense Center v. BOEM*¸ 36 F. 4th 850 (9th Cir. 2022), do not control this case. *Wilderness Society v. Thomas* proves the point: there, the Ninth Circuit concluded that the plaintiffs' claims alleging a general challenge to a plan were

Defendants' Reply in Support of Their Motion to Dismiss
Case No. 2:25-cv-00869-JNW

6

U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5810

not justiciable while their claims relating to site-specific injury were ripe for review. 188 F.3d 1130, 1134 (9th Cir. 1999).

The States effectively concede that withholding review would impose no hardship on them and principally assert that they need not demonstrate hardship at all. *See* Resp. 18, 19. They say only that they have "established harm" flowing from the challenged documents. Resp. 19. That argument confuses injury (for standing purpose) and hardship (for ripeness purposes), the latter of which precludes review even if the requirements for standing are met. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1141 (9th Cir. 2000). The challenged documents do "not grant, withhold, or modify any formal legal license, power, or authority; nor [do they] subject anyone to any civil or criminal liability; nor [do they] create legal rights or obligations." *Nat. Res. Def. Council v. Abraham*, 388 F.3d 701, 706 (9th Cir. 2004) (citation modified). And the States do not contend that any document at issue in this case forces them "to modify [their] behavior to avoid future adverse consequences." *Id.* (citation modified). Thus, the States will face no hardship if this Court withholds review.

Before a final agency action that concretely applies the challenged documents and guidance, this dispute is not ripe.

**III.        The States Fail to Identify Final Agency Action**

The States' brief substantially retreats from the claim in their amended complaint. In their amended complaint, the States purport to challenge the agencies' decisions to issue the documents, *see* FAC ¶¶ 208, 217, 236, 245, 263, 272, which would implicate the general administration of their statutory responsibilities, *see* Mot. 15–16; *cf. Lighthiser v. Trump*, No. 25-6714, 2026 WL 1555982, at *3 (9th Cir. June 2, 2026). By contrast, their brief states that only the agencies' "specific procedures" are at issue. Resp. 22. With that concession, the agencies do not contend for the purposes of this motion that the States failed to identify agency *action*, though they have failed to identify *final* agency action.

A.        Neither the Corps Nor Interior Has Taken Final Agency Action

The States do not claim that the documents they challenge represent definitive statements on the procedures the agencies will use in evaluating permit applications. Nor

Defendants' Reply in Support of Their Motion to Dismiss          U.S. Department of Justice
Case No. 2:25-cv-00869-JNW                          Environment and Natural Resources Division
P.O. Box 7611
7                          Washington, D.C. 20044
(202) 305-5810

could they, as the challenged documents set out processes that the agencies apply flexibly to specific permit applications. *See, e.g.*, Mot. 17. Therefore, the States' claim that the challenged documents represent "[e]ach agency's final position on how it will implement the EO," Resp. 20, is incorrect: the challenged documents merely facilitate the beginning of the statutory review processes and are not, therefore, final agency action. *See Whitewater Draw Nat. Res. Conservation Dist. v. Mayorkas*, 5 F.4th 997, 1008 (9th Cir. 2021). *Columbia Riverkeeper v. Coast Guard* is not to the contrary; there, the Ninth Circuit "agree[d] that an agency's characterization of its action . . . is not *necessarily* dispositive," and did not hold that processes that must later be tailored to particular circumstances are final agency actions. 761 F.3d 1084, 1094 (9th Cir. 2014) (emphasis added).

The States assert that the challenged documents "illegally expand[] their existing regulatory definitions of 'emergency.'" Resp. 20. This theory appears for the first time in their brief and is incorrect. In the amended complaint, the States take a different tact and allege that the challenged documents *conflict* with the relevant emergency regulations. *See* FAC ¶¶ 210, 238, 265. And the Corps' documents merely incorporate its emergency regulations and do not alter them. *Compare* 33 C.F.R. § 325.2(e)(4) (defining "emergency") *with* Ex. I, ECF No. 55-9 at 2 (Seattle District's procedures apply when there is an "emergency" as defined in 33 C.F.R. § 325.2(e)(4)). The ESA policies do not mandate application of emergency consultations to any project, let alone dictate how that consultation must progress. ECF 55-8 at 13–14; ECF 55-10 at 9–10 (discussing *potential* procedures). Likewise, Interior's Alternative Arrangements are not mandatory and may only be applied if requested by a project applicant. *See* ECF 55-10 at 2.

Nor do the challenged documents "impose an obligation, deny a right, or fix *some* legal relationship as a consummation of the administrative process." *Whitewater Draw*, 5 F.4th at 1009. For each agency, "subsequent agency decision making is necessary to create any practical consequences," and the challenged documents are therefore not final. *S. Cal. All. Of Publicly Owned Treatment Works v. EPA*, 8 F.4th 831, 837 (9th Cir. 2021).

Defendants' Reply in Support of Their Motion to Dismiss
Case No. 2:25-cv-00869-JNW

8

U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5810

The States argue that the agencies have shortened public comment periods and thereby caused the States' to "rearrange their operations." Resp. 21–22. There are at least three flaws in that argument.

First, the States nowhere show that they have rearranged their operations with respect to any project due to a shortened public comment period, and they cannot rely their vague allegations in the amended complaint. *See supra* at 1; *see also Summers*, 555 U.S. at 494. Second, such work would not be the "direct and immediate effect" of the challenged documents, *Ctr. for Biological Diversity v. Haaland*, 58 F.4th 412, 417 (9th Cir. 2023), but rather of their project-specific application. Third, the challenged documents do not impose any legal obligations on or demand immediate compliance from the States. That fact distinguishes this case from those cited in their brief. *See NLRB v. Siren Retail Corps.*, 99 F.4th 1118, 1123 (9th Cir. 2024) (order requiring Starbucks to bargain with union group); *S.F. Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 577 (9th Cir. 2019) (order prohibiting fishing); *Or. Nat. Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 987 (9th Cir. 2006) (annual operating instructions impose legal requirements); *Kāpaʻa v. Trump*, 794 F. Supp. 3d 793, 819 (D. Haw. 2025) (letter provided safe harbor for parties relying on it and basis for estoppel defense). The States have failed to establish that the Corps or Interior took final agency action.

B.      The ACHP Has Not Taken Final Agency Action

The States fundamentally misunderstand the role of both ACHP and its regulations. At bottom, the States do not identify any action *by ACHP*, let alone reviewable final action.

First, the States assert that ACHP's emergency regulations abbreviate the statutory process. Resp. 7, 21. But they do not question the validity of those regulations, which were promulgated long ago pursuant to ACHP's broad rulemaking authority. *See Waterford Citizens' Ass'n v. Reilly*, 970 F.2d 1287, 1290 (4th Cir. 1992). Those regulations are not at issue here.

Second, the States' attempts to identify a reviewable action mischaracterizes ACHP's role. The States assert that "ACHP Has Processed Hundreds of Preferred Energy Projects Through Emergency Procedures" and that "ACHP has fast-tracked review of at least 777

Defendants' Reply in Support of Their Motion to Dismiss
Case No. 2:25-cv-00869-JNW

U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5810

9

projects' impacts . . . ." Resp. 7, 10. But ACHP does not "process," or "fast-track," anything. ACHP's role is to "comment" on an agency undertaking, without authority to approve, disapprove, or modify the undertaking. Under Section 106 of the NHPA, "[t]he head of the Federal agency shall afford the Council a reasonable opportunity to comment with regard to the undertaking." 54 U.S.C. § 306108. The same is true under ACHP's emergency procedures, which require only that agencies afford ACHP and other authorities "an opportunity to comment." 36 C.F.R. § 800.12(b)(2). Nor has ACHP "directed" any agency to do *anything*, *contra* Resp. 13; ACHP has no authority to do so. ACHP has merely advised agencies of the existence and contents of Section 800.12 of the regulations. ECF 55-11. ACHP specifically disavowed any authority or role in other agencies' decisions to invoke Section 800.12 under the EO. *Id*. The States allege that in, some instances, "ACHP resubmitted consultations" to State authorities without addressing comments and questions previously made. Resp. 13 (citing ECF 85 ¶¶ 14–15). But the cited declaration discusses actions allegedly taken by the Corps, not by ACHP. ECF 85 ¶¶ 14–15.

Third, the States argue that ACHP's advice regarding the duration of the emergency identified in the EO—that it would continue as long as the EO remained in effect, *see* ECF 55-11—constitutes final agency action because courts look to the "practical effects of an agency's decision." Resp. 20. But a "practical effects" inquiry leads to the opposite conclusion. A 30-day default provision in ACHP's regulations, 36 C.F.R. § 800.12(d), makes sense for floods and earthquakes. An emergency such as that declared by the EO does not fit that model, as it is nationwide and applies to dozens of agencies. Like the Covid-19 emergency that ACHP treated the same way,[6] it would be impractical here for ACHP to make case-by-case enlargements of the 30-day window. *See* ECF 88-1 (listing 777 projects in almost all 50 States). ACHP's guidance simply acknowledges factual realities. And statutory realities: the EO was issued under the National Emergencies Act, which makes emergency

---

[6] *See* https://www.achp.gov/sites/default/files/guidance/2020-04/Blanket%20Extension.pdf, https://perma.cc/YA8Z-XGFZ

Defendants' Reply in Support of Their Motion to Dismiss    U.S. Department of Justice
Case No. 2:25-cv-00869-JNW    Environment and Natural Resources Division
P.O. Box 7611
10    Washington, D.C. 20044
(202) 305-5810

declarations effective until terminated by Congress or the President. 50 U.S.C. § 1622(a). That contrasts with declarations under the Stafford Act, which involves specific "incidents" and sets time limits on disaster relief. *See*, *e.g.*, 42 U.S.C. § 5170b(c); 42 U.S.C. § 5174(c)(1)(B)(iii).

Plaintiffs have failed to identify any final agency action for their claim against ACHP.

**IV.     The States Fail to State an Ultra Vires Claim**

In our opening brief, we demonstrated that the States' ultra vires claim must be dismissed because they (1) lack an equitable cause of action against the President and (2) had not identified a specific prohibition any defendant transgressed. *See* Mot. 23. The States did not respond to the first argument and effectively conceded it. *See United States v. McEnry*, 659 F.3d 893, 902 (9th Cir. 2011). And they attempt to identify a specific prohibition in the National Emergencies Act only in a footnote. *See* Resp. 24 n.9. That attempt fails.

First, the amended complaint alleges that the President's actions are ultra vires because they purportedly violate the *environmental* statutes, not the National Emergencies Act. *See* FAC ¶ 198. The States may not amend their complaint by brief. *See Diamond S.J. Enter.*, 395 F. Supp. 3d at 1231. Second, the cited provision does not contain any such prohibition; it addresses only *when* particular powers may be used. 50 U.S.C. § 1631. This case is far afield from *Leedom v. Kyne*, 358 U.S. 184, 188–89 (1958). Third, while the EO must be read as a whole, *see City & County of San Francisco v. Trump*, 897 F.3d 1225, 1239 (9th Cir. 2018), that the EO requires the agencies to act "consistent with applicable law" provides yet another reason that it is not ultra vires, *see* Mot. 23; *see also Lighthiser*, 2026 WL 1555982, at *1, *2 ("The [EO] state[s] the President's . . . energy . . . policy in broad terms, then direct[s] executive branch agencies to pursue these policy goals consistent with applicable law.").

The States argue that they do not need to identify a specific statutory prohibition. An ultra vires claim fails, on their reading, only if an agency has taken an action contrary to a specific statutory prohibition *and* there is an alternative path for judicial review. Resp. 23. But in *Nuclear Regulatory Commission v. Texas*, the Supreme Court rejected an ultra vires claim because the plaintiffs attempted to "dress up a typical statutory-authority argument," but also

Defendants' Reply in Support of Their Motion to Dismiss
Case No. 2:25-cv-00869-JNW

11

U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5810

because, "*alternatively*," they had another path for judicial review. 605 U.S. 665, 682 (2025) (emphasis added). Each is an independent ground to dismiss an ultra vires claim.

Finally, the States' ultra vires claim against the agencies fails even if the Court dismisses their APA claims. APA review is unavailable because the States must challenge discrete applications of the agencies' procedures. Their alternative path to judicial review is waiting for such an application that injures their concrete interests and then challenging that action under the APA. The States' contrary view would swallow the APA's final-agency-action requirement.

## CONCLUSION

This Court should dismiss the amended complaint in full under Rule 12(b)(1), or, at the very least, the ultra vires claim against all parties under Rule 12(b)(6).

Defendants' Reply in Support of Their Motion to Dismiss
Case No. 2:25-cv-00869-JNW

U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
12    Washington, D.C. 20044
(202) 305-5810

Dated: June 4, 2026                Respectfully submitted,


                                   ADAM R.F. GUSTAFSON
                                   Principal Deputy Assistant Attorney General

                                   BRADLEY CRAIGMYLE
                                   Deputy Assistant Attorney General

                                   */s/ Sanya Shahrasbi*
                                   PETER DYKEMA (DC Bar # 419349)
                                   JEFFREY HUGHES (NY Bar # 5367214)
                                   SANYA SHAHRASBI (DC Bar # 1671001)
                                   United States Department of Justice
                                   P.O. Box 7611
                                   Washington, D.C. 20044
                                   Tel:    (202) 305-5810 (Shahrasbi)
                                   Email:  peter.dykema@usdoj.gov
                                           jeffrey.hughes@usdoj.gov
                                           sanya.shahrasbi@usdoj.gov

                                   LUTHER L. HAJEK (CO Bar # 44303)
                                   U.S. Department of Justice
                                   Environment and Natural Resources Division
                                   999 18th St., North Terrace, Suite 600
                                   Denver, CO 80202
                                   Tel: (303) 241-0826
                                           Email: luke.hajek@usdoj.gov

                                   *Attorneys for Defendants*

Defendants' Reply in Support of Their Motion to Dismiss          U.S. Department of Justice
Case No. 2:25-cv-00869-JNW                              Environment and Natural Resources Division
                                                                           P.O. Box 7611
                                         13                       Washington, D.C. 20044
                                                                          (202) 305-5810

**CERTIFICATE OF COMPLIANCE**

I hereby certify that, according to the count of Microsoft Word, this memorandum contains 4,200 words in compliance with Local Civil Rule 7(e)(4).


*/s/ Sanya Shahrasbi*
Sanya Shahrasbi

Certificate of Compliance                                    U.S. Department of Justice
Case No. 2:25-cv-00869-JNW          Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 305-5810